# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>DEBRAH CABRAL,<br><br>　　　　Defendant and Judgment Debtor.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF SOCIAL SERVICES,<br><br>　　　　Garnishee. | Case No.: 1:21-mc-00060-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING REQUEST FOR FINAL ORDER OF CONTINUING GARNISHMENT<br><br>ORDER REQUIRING THE GOVERNMENT TO SERVE A COPY OF THE FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 9)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**I.**

**INTRODUCTION**

Currently pending before the Court is the United States of America's (the "Government"), request made pursuant to Section 3205(c)(7) of the Federal Debt Collection Procedure Act 28 U.S.C. § 3001, *et seq.* (the "FDCPA"), for a final order of garnishment against the earnings of Defendant and Judgment Debtor Debrah Cabral ("Defendant"). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7). The Court, having reviewed its files and the Government's request, recommends that the request be granted.

///

## II.

## BACKGROUND

On April 30, 2013, Defendant was sentenced in the criminal case United States v. Debrah Cabral, and ordered to pay a statutory assessment of $100.00 and restitution in the amount of $6,109.00. United States v. Debrah Cabral, case no. 2:12-cr-00344-JCM-CWH (D. Nev. 2012), (ECF Nos. 29, 30). The case was transferred to the Eastern District of California and assigned case number 1:17-cr-00260-DAD, by order entered on November 13, 2017.  United States v. Debrah Cabral, case no. 1:17-cr-00260-DAD (E.D. Cal. 2017).[1]  The Government proffers that as of September 27, 2021, Defendant still owed restitution in the amount of $3,758.37, with such amount accruing interest.  (ECF No. 9 at 2.)  To collect the judgment owed by Defendant, on July 6, 2021, the Government instituted this miscellaneous action by filing an application for a writ of continuing garnishment of the earnings of Defendant, through the Garnishee State of California; California Department of Social Services ("Garnishee").  (ECF No. 1.)

On July 9, 2021, the Clerk of the Court issued the writ of continuing garnishment of earnings. (ECF No. 2.)  On July 13, 2021, the Government filed a certificate of service demonstrating the Garnishee was served with the writ of continuing garnishment and associated materials.  (ECF No. 3.) On July 14, 2021, the Government filed a certificate of service demonstrating the Defendant was served at her last known address with: (1) the application for writ of continuing garnishment (earnings); (2) the issued writ of continuing garnishment; (3) the clerk's notice of instructions to judgment debtor re: writ of continuing garnishment; (4) instructions to defendant/judgment debtor on how to claim exemptions and claim for exemption form; (5) instructions to judgment debtor re: objecting to the answer of garnishee; (6) a judgment debtor's request for hearing form; (7) a notice of availability of a magistrate judge to exercise jurisdiction and appeal instructions; and (8) a consent or decline jurisdiction of a United States magistrate judge form.  (ECF No. 4.)

---

[1] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  The Court takes judicial notice of United States v. Debrah Cabral, case no. 2:12-cr-00344-JCM-CWH (D. Nev. 2012) and United States v. Debrah Cabral, case no. 1:17-cr-00260-DAD (E.D. Cal. 2017).  On August 2, 2021, a notice of relation to this action was filed in the criminal case.  See Cabral, case no. 1:17-cr-00260-DAD, (ECF No. 5).

On August 30, 2021, the Garnishee filed an acknowledgement of service and answer. (ECF No. 8.) The answer indicates that the Garnishee receives approximately $2,401.00 semi-monthly from the Garnishee. (Id. at 1-2.) On September 27, 2021, the Government filed the instant request for findings and recommendations for a final order of garnishment. (ECF No. 9.)

### III.

### LEGAL STANDARD

The FDCPA "sets forth the 'exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution.' " United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B) (alterations in original)). The Mandatory Victims Restitution Act ("MVRA") made restitution mandatory for certain crimes, including "an offense against property under this title . . . including any offense committed by fraud or deceit." 18 U.S.C. §§ 3663A(a)(1), 3663A(c)(1)(A)(ii); see also Mays, 430 F.3d at 965.

The MVRA provides that the United States may enforce a judgment imposing a fine, which includes restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. Mays, 430 F.3d at 965 & n.2. The FDCPA provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

Under the FDCPA, the government is required to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b)-(c). The judgment debtor has twenty days after receipt of the notice to request a hearing, at which the judgment debtor may move to quash any order granting the garnishment. 28 U.S.C. § 3202(d). If a garnishment hearing is held, it is limited to the issues of: (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—(A) the probable validity of the claim for the debt

which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d).

## IV.

## DISCUSSION

The Government proffers that as of September 27, 2021, Defendant still owed restitution in the amount of $3,758.37, with such amount accruing interest. (ECF No. 9 at 2.) Among other things, the documents served on July 14, 2021, advised Defendant of their rights to claim exemptions to garnishment, to object to the Garnishee's acknowledgement of service and the Garnishee's answer, and to request a hearing. (ECF No. 4.)[2] Specifically, Defendant was advised that they had twenty (20) days from the date he received the Garnishee's answer to claim exemptions or request a hearing in opposition as required by 28 U.S.C. § 3202(d). (ECF No. 4-3 at 2.) Defendant has not filed any opposition to this garnishment proceeding, has not claimed exemptions, has not objected to the answer, and has not requested a hearing. The time to do so has expired.

On August 30, 2021, the Garnishee filed an acknowledgement of service and answer. (ECF No. 8.) The answer indicates that the Garnishee receives approximately $2,401.00 semi-monthly from the Garnishee. (Id. at 1-2.) In the initial application, the Government proffered, upon information and belief, that the Defendant receives in-home supportive service earnings from the Garnishee, and that the Garnishee is believed to owe Defendant "current and future non-exempt wages, bonuses, commissions, earnings or salary ("Earnings")." (ECF No. 1 at 2, citing 28 U.S.C. § 3002(5)(6)(9).)

The Court has considered whether "in-home supportive service earnings" may be exempt from garnishment. 18 U.S.C. § 3613(a)(1) exempts from enforcement of a judgment under federal law

---

[2] The Court notes that the documents served on July 14, 2021, were served to a "Clancy Ct." address. (ECF No. 4 at 2.) The initial application proffers the last known address is the same address. (ECF No. 1 at 2.) The Court notes that the proof of service completed by the within the Garnishee's answer originally contained a different address, a "Parkwood Court" address, however, such address was crossed out and the "Clancy Ct." address was written in instead. (ECF No. 8 at 4.) It appears that the original proof of service form that was provided to the Garnishee by the Government contained the "Parkwood Court" address, however, other instructions within the documents served on the Garnishee referenced the "Clancy Ct." address as the last known address, and thereafter the Garnishee utilized the "Clancy Ct." address. (ECF Nos. 3-1 at 2, 3-3 at 3-4.) The initial application additionally identifies the "Clancy Court" address as the last known address, which is the address all documents were served at. (ECF No. 1 at 2.) The notice of related case was served at the "Clancy Ct." address as well. (ECF No. 7 at 2.) **When directing the Government to serve this findings and recommendations on Defendant, the Court will order the Government to affirm the "Clancy Ct." address is the correct last known address when filing the proof of service of this findings and recommendations.**

4

property that would be exempt from a levy for taxes pursuant to certain provisions of the Internal Revenue Code, specifically 26 U.S.C. §§ 6334(a)(1)-(8), (10), and (12).  See 18 U.S.C. § 3613(a)(1) (providing that "property exempt from levy for taxes pursuant to section 6334(a) (1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law").  Notably absent from the exemptions is subsection (11) of 26 U.S.C. §§ 6334(a).  This subsection provides that the following types of public assistance "property" is exempt from tax levy:

> **(11) Certain public assistance payments.**--Any amount payable to an individual as a recipient of public assistance under--
>
> **(A)** title IV or title XVI (relating to supplemental security income for the aged, blind, and disabled) of the Social Security Act, or
>
> **(B)** State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.

26 U.S.C. § 6334(a)(11).

Thus, while exempt from levy for taxes, such public assistance payments from a state government are not included within the exemptions from enforcement of a judgment.  Accordingly, the Court finds that Plaintiff's earnings from the State of California are not exempt.  18 U.S.C. § 3613(a)(1); 26 U.S.C. §§ 6334(a); see also United States v. Novak, 476 F.3d 1041, 1047–48 (9th Cir. 2007) (in context of garnishing pension plan governed by ERISA, holding "[b]y its use of the "*all* property or rights to property" language . . . Congress has made quite clear that the totality of defendants' assets will be subject to restitution orders . . . We conclude that by making clear that the 'notwithstanding' clause 'includes' the one federal anti-alienation provision that demands explicit statutory override, Congress manifested that § 3613(a) means what it says—that it reaches '*all* property or rights to property' not excepted . . . including property otherwise covered by federally mandated anti-alienation provisions.") (emphasis in original) (citations omitted).

Defendant has not submitted a claim for exemption with the provided claim for exemption form, nor otherwise filed a response or request for hearing in this matter.  Pursuant to the FDCPA, "[a]fter the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt

interest in such property." 28 U.S.C. § 3205(c)(7). Accordingly, the Court recommends that the Government's application for a final garnishment order be granted.

## V.

## RECOMMENDATIONS AND ORDER

For the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. The Government's request for findings and recommendations for a final order of garnishment (ECF No. 9) be GRANTED;

2. Garnishee State of California; California Department of Social Services be directed to pay the Clerk of the United States District Court 25% of Cabral's ongoing and non-exempt disposable earnings;

3. Garnishee State of California; California Department of Social Services be directed to pay the Clerk of the United States District Court the amount of non-exempt disposable earnings already withheld as a result of the writ, within fifteen (15) days of the filing of the Final Order;

4. Payment shall be made in the form of a cashier's check, money order or company draft, made payable to the "Clerk of the Court" and delivered to the Office of the Clerk, 501 I Street, Room 4-200, Sacramento, California 95814, and the criminal docket number (1:17-CR-00260-DAD) shall be stated on the payment instrument;

5. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

6. This garnishment shall be terminated when either: the United States seeks to terminate the writ; or when the judgment is fully satisfied.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty one (21) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS HEREBY ORDERED that the Government shall serve a copy of this findings and recommendations on Defendant and Judgment Debtor Debrah Cabral and file a notice of service within **three (3) days** from the date of entry of this findings and recommendations on the docket, and **indicate in such filing that the correct last known address has been utilized throughout these proceedings**.

IT IS SO ORDERED.

Dated:   **October 8, 2021**

UNITED STATES MAGISTRATE JUDGE